UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRESHAWN DAQUVON BAILEY,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-258-DRL-MGG

WELLPATH STAFFING *et al.*,

    Defendants.

OPINION AND ORDER

Treshawn Daquvon Bailey, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bailey alleges that, on or about March 22, 2022, he pushed the intercom button in his cell and told Deputy Kims that his right eye hurt and was swollen. He explained that he was sleeping on the floor and something got into his eye. Deputy Kims called the nursing station, but there was no response. Mr. Bailey pushed the button again later and Deputy Kims again called nursing and again received no response. Deputy Kims indicated he logged everything in the computer. The complaint isn't entirely clear, but it

seems he did see the nursing staff at some point, because he indicates that nursing staff has denied him medical housing.[1]

On March 26, 2022, Mr. Bailey's condition was worse. He pushed the button again and told Deputy Kims. Deputy Kims said he called nursing staff, but no nursing staff came to see Mr. Bailey. Deputy Kims said he would log everything so nursing staff would see it. It isn't clear when, but Mr. Bailey was seen by medical and provided with medication.[2] The medication made his face hurt, however, so he signed a medical refusal form. He was again denied medical housing. Mr. Bailey seeks $100,000.00 in damages.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Mr. Bailey sued Deputy Kims, but it is unclear why. Each time he used the intercom to get Deputy Kims's attention, Deputy Kim called the nursing station. Though

---

[1] It is unclear why Mr. Bailey believed his condition required he receive specialized medical housing.

[2] Mr. Bailey does not indicate what condition he was diagnosed with or what medication was used to treat his condition.

he was not successful in reaching someone at the nursing station, he logged his attempts and Mr. Bailey's need for care in the computer so that nursing staff would be alerted. This is not objectively unreasonable conduct. Therefore, Mr. Bailey has not stated a claim against Deputy Kims.

Mr. Bailey has sued Deputy Seliva too, but his complaint does not mention Deputy Seliva anywhere other than the caption. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Mr. Bailey does not describe how Deputy Seliva was personally involved in the events described in the complaint, he cannot proceed against Deputy Seliva.

Mr. Bailey has also sued Wellpath and has listed "Wellpath Staffing 1st shift" as a defendant twice. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Bailey's allegations against Wellpath are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wellpath. To the extent he is attempting to sue individual members of Wellpath's staff without naming them, he also cannot proceed. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Bailey may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Treshawn Daquvon Bailey until **May 13, 2022**, to file an amended complaint; and

(2) CAUTIONS Treshawn Daquvon Bailey if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 11, 2022  *s/ Damon R. Leichty*
Judge, United States District Court